UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x Index No CV 12-1772 (ARR)(MDG)
RALIK BONDS

                              Plaintiff,       **AMENDED COMPLAINT**
                                         **DEMAND FOR JURY TRIAL**

   -against-

THE CITY OF NEW YORK
and P.O. JUSTIN GRIECO and JOHN DOES 1-9
of the 75th Precinct

                              Defendants.
-----------------------------------------------------------------x

     Ralik Bonds by his attorney, Chidi Eze Esq., complaining of The City of New York, police officers John Does 1-10 of 75th precinct, upon information and belief, alleges as follows:

## JURISDICTION

1. This is an action at law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, by Defendants of the rights, privileges and immunities secured to Plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983 [and §1985], and arising under the laws and statutes of the State of New York and the City of New York.

2. Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal law, and by 28 U.S.C. § 1343(a) (3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges and immunities secured to Plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983.

3. Venue is proper because the acts complained of herein occurred in Brooklyn, Kings County, City and State of New York, which is in the Eastern District of New York.

## PARTIES

4. During all times relevant and material to this Complaint, Plaintiff was, and still is, a legal resident of the United State, residing in Brooklyn New York and State of New York.

5. During all times relevant and material to this case, Defendant City of New York was a municipal corporation incorporated under the laws of the State of New York.

6. During all times relevant and material to this case, Defendant Police Officers were employees of Defendant City of New York through its Police Department.

7. During all times relevant and material to this case, the actions of the individual Police Officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of Defendants City of New York and New York Police Department (hereinafter NYPD), and Defendants City of New York and NYPD are as such responsible for the individual Defendants' actions. Defendant City of New York and NYPD are further responsible for the actions of the individual Defendants under the principal agent/respondeat superior rule.

## FULFILMENT OF ADMINISTRATIVE PREREQUISITES

8. All conditions precedent for the filing of this action has been complied with: written Notice of Claim, sworn to by Plaintiff, was served upon Defendant City of New York to the person designated by law as one to whom a summons against Defendant City of New York may be delivered in an action in the District Court.

9. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claim has been neglected or refused.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. The incidents that gave rise to this compliant transpired on May 21, 2011, at approximately 4:30 P.M. on Cleveland Street, between Linden Boulevard and Hegeman Street, Brooklyn NY, Kings County in the state of New York.

11. On the evening of May 21, 2011, at approximately 4:30 P.M, the plaintiff was walking home after playing basketball with four of his friends, when two uniformed police officers in a marked police car stopped plaintiff and his friends. The two police officers pulled plaintiff to the side and inquired where they were coming from. Plaintiff responded that they were coming from the park. The police officers then proceeded to search the plaintiff and found nothing. Thereafter, ten (10) or more police officers arrived at the scene and plaintiff was handcuffed behind his back in front of onlookers and his neighbors.

12. Plaintiff was taken to the 75th precinct and was told the reason for his arrest was possession of a gun. Plaintiff was put in the cell for about 4 to 5 hours and was

then taken to the Central Bookings. Plaintiff saw a judge the next day and bail was set for $5,000. Plaintiff neither had money nor anyone to post bail so he was consequently taken to Rikers Island same day. Plaintiff was imprisoned for over two months and the charges against him were dismissed on January 18, 2012.

13. In light of the above, plaintiff has been damaged by the actions of the City of New York and its agents, was falsely arrested, falsely imprisoned, maliciously prosecuted and was held without probable cause for over 2 months.

14. As a result of the actions of the defendants, Plaintiff was and still is damaged for no just cause, lost respect and dignity before family and friends. Plaintiff suffered and has continued to suffer great, emotional and mental distress as a result of the actions that gave rise to this lawsuit.

## AND AS FOR A FIRST CAUSE OF ACTION

15. Plaintiff repeats and re-alleges paragraphs 1 through 14 as if each paragraph is repeated verbatim herein.

16. The defendant police officers arrested and imprisoned Plaintiff without probable cause, without a warrant and with malice and intentional disregard for his constitutional rights. The Defendants, acting under color of State Law, violated Plaintiff's right to be free from unreasonable seizures, secured to him under the Fourth and Fourteenth Amendments to the Constitution, and his right not to be deprived of liberty without due process of law, secured to him under the Fifth and Fourteenth Amendments. By denying Plaintiff's Constitutional rights under color of State Law, the Defendants violated 42 U.S.C. §1983.

17. As a result of the seizure of his person, Plaintiff was denied his freedom and liberty and suffered emotional and mental distress thereof. Plaintiff claims compensatory damages in the amount of $2,000,000. In addition, because the defendant police officers acted with malice and intentional disregard for his Constitutional rights when they arrested and imprisoned him, Plaintiff seeks $2,000,000 in punitive damages.

### AND AS FOR A SECOND CAUSE OF ACTION

18. Plaintiff repeats and re-alleges paragraphs 1 through 17 as if each paragraph is repeated verbatim herein.

19. In violation of 42 U.S.C. §1983 [and §1985] and the Common Law the Defendants, acting under color of State Law, maliciously prosecuted Plaintiff without probable cause to believe that he committed a crime, without any legal justification, and with malice and intentional disregard for his rights.

20. Plaintiff claims compensatory damages in the amount of $2,000,000 for the violation of his rights, resulting in emotional and mental distress. In addition, because the Defendants acted with malice and intentional disregard for his Constitutional rights, Plaintiff seeks $2,000,000 in punitive damages.

### AND AS FOR A THIRD CAUSE OF ACTION

21. Plaintiff repeats and re-alleges paragraphs 1 through 20 as if each paragraph is repeated verbatim herein.

22. In violation of Article 1 Section 12 of the New York State Constitution, and New York State Common Law, the defendant police officers falsely arrested and imprisoned Plaintiff for approximately 2 months without probable cause, deprived him of his rights, remedies, privileges, and immunities guaranteed to him by said law.

23. Plaintiff was denied his freedom and liberty, and therefore suffered emotional and mental distress as a result. Plaintiff claims compensatory damages in the amount of $2,000,000 for the violation of his rights under Common Law and for his emotional and mental distress. In addition, because the defendant police officers acted with malice and intentional disregard for his Constitutional rights when they arrested and imprisoned him, Plaintiff seeks $2,000,000 in punitive damages.

### AND AS FOR A FOURTH CAUSE OF ACTION

24. Plaintiff repeats and re-alleges paragraphs 1 through 23 as if each paragraph is repeated verbatim herein.

25. In violation of Article 1 Section 12 of the New York State Constitution and Common Law the Defendants, acting under color of State authority, maliciously prosecuted Plaintiff without probable cause and belief that a crime was and had been committed, without any legal justification, and with malice and intentional disregard for his rights.

26. Plaintiff claims compensatory damages in the amount of $2,000,000 for the violation of his State and Federal malicious prosecution protection rights and privileges. In addition, because the Defendants' acted with malice and intentional disregard for plaintiff's State and Federal Constitutional rights, Plaintiff seeks $2,000,000 in punitive damage.

### AND AS FOR A FIFTH CAUSE OF ACTION

27. Plaintiff repeats and re-alleges paragraphs 1 through 26 as if each paragraph is repeated verbatim herein.

28. The defendant police officers were acting as agents of the City of New York when they committed the acts complained of herein, therefore, under the principal agent/*respondeat superior* rule; the City of New York is jointly and severally liable with the defendant police officers for the compensatory damages Plaintiff sustained in the First, Second, Third, Fourth and Fifth Causes of Action

29. Plaintiff claims compensatory damages in the amount of $2,000,000 for the violation of these rights, which resulted in mental and emotional injuries. In addition, because the Defendants acted with malice and intentional disregard for his Constitutional rights, Plaintiff seeks $2,000,000 in punitive damages.

**WHEREFORE,** Plaintiff prays the Court for judgment as follows for each Cause of Action:

i. $2,000,000 in compensatory damages against all the defendants, jointly and severally;

ii. $2,000,000 in punitive damages against the individual defendant police officers, jointly and severally;

iii. Attorney's fees, plus the costs and disbursements of these actions against all Defendants, jointly and severally;

iv. Such other relief as the Court may deem just, proper and equitable.

Dated: Brooklyn, New York
November 27, 2012

By: _____/s/_____
CHIDI EZE (CE-4833)
Attorney for Plaintiff
255 Livingston Street, 3rd Floor
Brooklyn, NY 11217
(718) 643-8800